# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50323
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 6, 2017

Lyle W. Cayce
Clerk

SCOTT MATHEWS,

      Plaintiff - Appellant

v.

TESSA DAVIDSON, Individually; NARCISCO MARTE, Individually; SCOTT KERWATH, Individually,

      Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:14-CV-566

Before JONES, WEINER, and CLEMENT, Circuit Judges.

PER CURIAM:*

      Plaintiff-appellant Scott Mathews appeals from the district court's order granting summary judgment in favor of defendants-appellees, three police officers, on the basis of qualified immunity. Finding no error in the magistrate judge's thorough recommendation adopted by the district court, we **AFFIRM**.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50323

Mathews was arrested at his home on April 14, 2013. He suffers from depression, and each day leading up to April 14, he generally took 25 Vicodin, drank half a bottle of vodka, took Valium which he "down[ed]" with ten to fifteen beers containing "high alcohol volume," and smoked marijuana. His wife, Christie Mathews, testified in her deposition that on April 14, Mathews asked her to punch him in the face because he "want[ed] to feel pain." She became upset and retreated to their bedroom to call his parents. She told his mother that Mathews had been drinking and that she needed help. Sometime later, she heard a car door slam outside and walked to the front door expecting to see Mathews's parents. Mathews followed her outside where they "saw flashlights and guns drawn." Mathews's father had called the police and the defendants-appellees, Officers Tessa Davidson, Narcisco Marte, and Scott Kerwath, had been dispatched to address an "assault in progress."

Mathews and his wife described the scene as follows: he testified that when he saw the officers, he had one hand around his wife's shoulders "in kind of a hooking motion" and that he did not know where his left hand was. He testified that the officers ordered him to put his hands up, and he complied. His wife testified that the officers grabbed his arms, threw him to the ground, and began hitting him in the ribs as they attempted to handcuff him. She testified that after they handcuffed him, they picked him up, sat him down "Indian style," and used no additional force. For Mathews's part, when asked whether he had "any specific recollection of being struck by one of the police officers," he replied, "I guess I don't."

Mathews thereafter sued the defendants-appellees under 42 U.S.C. § 1983, alleging that they violated his Fourth Amendment rights by using excessive force. The district court adopted the magistrate judge's recommendation that the defendants-appellees were entitled to summary

judgment.  Mathews now appeals, claiming that the district court improperly resolved disputed issues of material fact against him.

We review the district court's summary-judgment decision *de novo*, applying the same standards that the district court applied.  *E.g.*, *Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012).  Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  As relevant here, the first prong of the qualified-immunity analysis is whether the plaintiff has alleged the violation of a statutory or constitutional right.  *E.g.*, *Bush v. Strain*, 513 F.3d 492, 500 (5th Cir. 2008).  To establish a violation of the Fourth Amendment prohibition on excessive force, the plaintiff must allege: "(1) an injury that (2) resulted directly and only from the use of force that was excessive to the need, and (3) the use of force [] was objectively unreasonable." *Id.* at 500–01.

As both the magistrate judge and district court noted, Mathews did not establish the second and third elements of an excessive-force claim.  As to the second element, the district court observed that Mathews "presents no testimony, expert or otherwise, as to how the injury occurred," and thus "failed to demonstrate that he suffered an injury that resulted directly and only from a clearly excessive use of force."  The magistrate judge similarly stated that "[t]he fact remains that no evidence has been presented to show that any injury was incurred by Mathews as a result of defendants' use of force."  Mathews complains about these findings because the defendants-appellees did not address the second element in their summary-judgment papers.  But it is well-established that Mathews, as the plaintiff, bears the burden of negating the qualified-immunity defense. *See, e.g.*, *Poole*, 691 F.3d at 627.  He did not do so regarding the second element of an excessive-force claim.

No. 16-50323

As to the third element, the magistrate judge found that "[n]o genuine issue of fact exists that the officers believed that they were responding to an assault in progress, that when Mathews and [his wife] exited the house together she was visibly upset and crying and he had or placed his hand on her, and that the officers immediately acted to prevent a possible hostage situation by separating Mathews and [his wife] and taking him to the ground."[1] In response, Mathews attacks selected quotes from the magistrate judge's findings that the officers used only a "minimum amount of force" and that he "was not hit, kicked or struck in the head by any officer." He says those findings conflict with evidence that he was "violently thrown to the ground" and "beaten upon the ground as he lay motionless." But in context, the magistrate judge noted that the evidence interpreted in the light most favorable to Mathews supports only the following facts: "The only time [Mathews] was struck was by Officer Davidson in the side to stop him from resisting attempts by the officers to bring him under control and place him in handcuffs. Once he was restrained, no further force was used." Mathews's exaggeration of the facts has no basis in the summary-judgment evidence as thoroughly surveyed by the magistrate judge. Given the undisputed facts of the situation the officers confronted, it was eminently reasonable for the officers to use minimal force to subdue and handcuff Mathews.

For these reasons, we **AFFIRM** the district court's order granting the defendants-appellees' motion for summary judgment.

---

[1] Mathews claims in his blue brief that "[a]t no point, when they walked outside, was [he] having any type of physical contact with his wife." He cites his wife's deposition testimony for that claim, but curiously omits any reference to his own deposition in which he stated that he had his arm around his wife's shoulders in a "hooking motion."